In decisions Nos. 1–50 the court is as follows: Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.

■ ANTHONY PROVO, Appellant, v. KENNETH MOREHOUSE et al., Respondents.— Plaintiff appeals from a judgment of the Supreme Court in favor of defendant Morehouse, based upon a verdict of no cause of action in an automobile negligence case. Plaintiff alleged that, while standing in a parking lot

where he was the attendant, he was negligently struck by an automobile owned by defendant Morehouse and being operated by one Hodges with the owner's consent. Hodges died before the trial and the action was discontinued as to him. Plaintiff contends that the verdict was against the weight of evidence and urges two claimed errors in the reception of evidence. Plaintiff was in charge of a parking lot owned by a Grand Union store. He issued time tickets as cars entered the lot, and customers of the store could park free for one hour. All others paid a fee which plaintiff kept as his compensation. Hodges drove defendant's car into the lot without stopping for a ticket, parked in an area marked " no parking" near the store entrance, and entered the store. Plaintiff had some words with Hodges before he entered the store, in the store, and when Hodges returned to the car. As Hodges sat in the driver's seat where plaintiff had been talking to him, plaintiff walked around the rear of the car and stood on the right side near the rear. Hodges backed the car past the plaintiff and then started forward, and the right front fender and headlight struck the plaintiff. This version of the accident was corroborated by two eyewitnesses. ˙There was no direct evidence to the contrary. Defendant's answer denied the allegation that Hodges was driving the car with the owner's permission and consent, and denied an accident. Plaintiff called defendant Morehouse as his witness, and after procuring the admission that he authorized Hodges to use the car to go to the Grand Union store and that Hodges started out with the car, the following took place: " Q. When he returned that day did he report to you he had an accident on the Grand Union Lot? A. Yes sir. Cross Examination. By Mr. Smith: Q. What did he tell you about the accident? Mr. Amyot: I object to it as incompetent, irrelevant and immaterial. The Court: Overruled. Mr. Amyot: Exception. A. He told me he was parked at the Grand Union store and when he pulled up around in the parking lot he parked where he said it was a no-parking place and he told Tony he wanted to get a can of detergent and would come right out. He said Provo jumped on the front fender of the car when he started to leave." This evidence was clearly hearsay and was adduced, over objection, by a question that expressly called for hearsay. We do not think the admission of this evidence can be justified on the theory that plaintiff had " opened the door ". Plaintiff's counsel did not and did not attempt to elicit any conversation or any description of the accident. Faced with a denial of permission, he was entitled to show that the permission extended to the precise time when plaintiff sustained his accident. He did no more. Such incompetent evidence was bound to be prejudicial to plaintiff's case because it was the only evidence which even tended to contradict plaintiff's theory. Defendant was also allowed to show, over objection, that plaintiff had sustained another accident on the parking lot. This was competent to the extent that the evidence related to injuries sustained on another occasion. But it went far beyond that. The line of questioning clearly demonstrates that counsel's primary purpose was to show that the other accident " started with an argument in the parking lot over a parking fee " and to suggest plaintiff's greater concern for a fee than for his safety. These errors, and the fact that the verdict seems to be against the weight of evidence, requires a new trial. Judgment reversed, on the law and facts, and a new trial ordered, with costs to abide the event.